## Monihan v. Monihan

*Lewis Kates,* for plaintiff.

*Edward J. Morris,* for defendant.

MONTEMURO, Adm. J., October 7, 1970.—On May 15, 1969, petitioner, Barbara C. Monihan, defendant in a divorce suit filed by her husband, Richard Monihan, as of the above court, term and number, filed a petition and rule to show cause why respondent, Richard Monihan, should not be adjudged in civil contempt for willful noncompliance with an injunctive order entered by this court.

The injunction restrained respondent from proceeding with a divorce which he had instituted in the State of Nevada. A preliminary injunction was entered and after a full hearing at which respondent was represented by counsel, the preliminary injunction was continued as a permanent injunction in an order entered April 11, 1968.

The respondent was served personally with a copy of the injunctive order prior to the hearing on his divorce complaint in Nevada, but in defiance of this order, he appeared before the court in that State and after an ex parte hearing obtained a decree in divorce.

Because an appeal from our order was taken to the Supreme Court of Pennsylvania, we withheld action on the petition to adjudge the respondent in contempt. On April 22, 1970, the Supreme Court affirmed our order and remanded the case to this court for further action on the motion to hold respondent in contempt.

We heard arguments on September 25, 1970. The facts as outlined above were not disputed. There is no question that respondent willfully and deliberately violated the order of this court after due service was made upon him. We, therefore, adjudge him in contempt.

The question of appropriate sanctions, however, presents great difficulty. Counsel for petitioner proposes that we direct respondent to proceed to Nevada and to cause the court in that State to annul the decree in divorce which it had entered. Since he had complied with the residence requirement established by Nevada law, it is difficult to visualize the court in Nevada setting aside its decree, unless Dr. Monihan makes a formal admission that he has committed perjury or a fraud on that court. This could lead to prosecution which would have a disastrous effect on his medical career.

We cannot compel Dr. Monihan to live with his wife and children, but we can as far as possible restore to his family the economic benefits which they would have enjoyed if the family relationship had not been disrupted. In a collateral action in the domestic relations branch of this court, an order was entered on October 20, 1969, in the sum of $80 per week for the support of the four children. As the Supreme Court had not yet acted on the appeal, action on the petition for support of wife, Barbara, was deferred.

The considerations underlying the imposition of an order for support obviously differ greatly from the considerations underlying an order for sanctions in an action for civil contempt. Counsel for Dr. Monihan states that his present income is $10,000 per year. At the support hearing there was evidence that he had contributed $450 per month for the support of his family prior to entering into another marriage in reliance upon the Nevada divorce which he obtained in violation of our injunctive order. Since his present income is somewhat higher than his income at the time of the support hearing, an order in the sum of $115 per week will come as close as possible to restoring the economic benefits to which the family is entitled.

## ORDER

It is ordered and decreed that respondent, Richard Monihan, pay the sum of $115 per week for the support of his wife and children, the first payment to be made one week from the date of this order. This order supersedes and replaces the order of support entered in the domestic relations branch on October 20, 1969.

We will retain jurisdiction in this case and upon completion of Dr. Monihan's residence, we will review the order in the light of Dr. Monihan's increased earning power.

This order is based on a determination that the divorce decree entered in Nevada is null and void, but is without prejudice to petitioner's right to file a petition for a declaratory judgment to obtain a formal adjudication that her marriage to Dr. Monihan is a valid subsisting marriage, if she so desires.